GROVER L. COVINGTON, Chief Judge.
This is an appeal by plaintiff, Eugene Hyorth, an inmate at Louisiana State Penitentiary, from a judgment of the district court in his favor which granted him “a nominal award of One Hundred and No/100 ($100.00) Dollars” against the Louisiana Department of Corrections and denied his claim against Major James A. Teer. The Department also appealed. However, in its brief, it abandoned the appeal and urged affirmance of the judgment. We affirm.
The record establishes, and it is admitted, that the Department lost several items of the plaintiffs personal property during the time that plaintiff had to leave the Louisiana State Penitentiary on a court order. The Department is, thus, responsible for the loss. The items lost were two shirts, two work shoes, two blankets, three pillow cases, one jacket, two pairs of tennis shoes, two pairs of slides and one photo album. Some of the items were state-issued items, which were replaced except for shoes.
After a hearing before a commissioner, it was recommended that an award of $100 be made in favor of Hyorth. This recommendation was accepted and adopted in a judgment signed by the district court. We agree with the trial court’s adopting of the commissioner’s award.
The only evidence offered by the plaintiff was his own testimony. From the plaintiff’s testimony, it appears that he was most concerned over the loss of the photo album. The album and its photographs are primarily of sentimental value to the plaintiff.
On the issue of the amount of the recovery, plaintiff failed to show the actual value of any of the missing items. Courts cannot substitute their notions of monetary value for sentimental value. However, in a case such as the instant one where it is established that the plaintiff has suffered some damages as a result of the loss of the property by the Department, though the amount is not definitely ascertainable, the court must fix the quantum as best it can, and, in this connection the trial judge is vested with much discretion. Augustine v. Dickenson, 406 So.2d 306 (La.App. 3rd Cir. 1981). Moreover, in absence of proof of actual damages, the court should make an award of nominal damages. Fiesta Foods, Inc. v. Ogden, 159 So.2d 577 (La.App. 1st Cir.1963).
The record fully supports the trial judge’s award of nominal damages; he committed no manifest error.
Accordingly, we affirm the judgment appealed. We assess costs against the Department in the amount of $366.38.
AFFIRMED.