STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2024 CA 0387

JEREMY JONES

VERSUS

LOUISIANA DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS

JUDGMENT RENDERED: **NOV 2 2 2024**

* * * * * * *

On Judicial Review from the Nineteenth Judicial District Court
Parish of East Baton Rouge • State of Louisiana
Docket Number C-716115 • Section 30

The Honorable Tarvald A. Smith, Presiding Judge

* * * * * * *

Jeremy Jones
D.O.C. # 365876
*Louisiana State Penitentiary*
Angola, Louisiana

APPELLANT
PLAINTIFF—In Proper Person

Jonathan R. Vining
Baton Rouge, Louisiana

COUNSEL FOR APPELLEE
DEFENDANT—Louisiana
Department of Public Safety and
Corrections

* * * * * * *

BEFORE: MCCLENDON, WELCH, AND LANIER, JJ.

**WELCH, J.**

Jeremy Jones, an inmate in the custody of the Louisiana Department of Public Safety and Corrections ("the Department") and confined to the Louisiana State Penitentiary at Angola, appeals a judgment of the district court granting his petition for judicial review of his lost property claim and ordering the Department to pay him $500.00 for his lost property. For reasons that follow, we amend the judgment to order the Department to pay Mr. Jones the sum of $2,000.00 for his lost property, and as amended, the judgment is affirmed.

## BACKGROUND

According to the allegations of Mr. Jones's petition for judicial review, on February 19, 2021, he was notified that he was being moved from Camp D to the main prison. At that time, all of his hobby craft tools and materials from his hobby shop in Camp D (Eagle Hobbyshop) were placed into storage at Camp D, and he was given a copy of a receipt with a detailed inventory list attached thereto from the Department showing the specific items being stored.[1] The inventory list was extensive, consisting of over one-hundred hobby craft tools and accessories, materials, and other equipment, including a sewing machine.

Upon Mr. Jones's arrival at the main prison, he sought access to its hobby shop, but he was placed on a backlog list to be assigned access. In September 2021, Mr. Jones was assigned access to the hobby shop in the main prison, and he notified prison security that he would need his hobby craft tools and materials that were stored at Camp D sent to him in the main prison. However, on September 13, 2021, Mr. Jones learned that his hobby craft tools and materials could not be located by the prison.

---

[1] The record does not reveal the reason for Mr. Jones's transfer from Camp D to the main prison. However, Mr. Jones's petition does allege that the Department only stores the hobby craft tools and materials of inmates that are relocated within the prison when the relocation does not involve disciplinary proceedings.

Thereafter, Mr. Jones filed lost property claim number LSP-2021-2462 seeking recovery for his lost property. This claim was submitted by Mr. Jones on September 13, 2021, and it was received by the Department's Legal Programs Department on September 20, 2021.[2] In Mr. Jones's lost property claim, he attached his copy of the receipt he received from the Department and the detailed inventory list, and he estimated that the value of his lost property was $4,500.00. Mr. Jones's lost property claim was initially denied by the warden, and thereafter, it was denied by the Department. The reason cited by both the warden and the Department was that Mr. Jones's claim was untimely, stating that it should have been filed within ten days of his transfer from Camp D to the main prison.[3]

On February 17, 2022, Mr. Jones filed the instant proceeding seeking judicial review of the Department's decision regarding his lost property claim. Mr. Jones contended that since the Department's regulations provide that lost property claims must be submitted to the warden within ten days of the *discovery* of the loss, see LAC 22:I.325(L)(1)(a), and since he submitted his lost property claim within ten days of the date he discovered the loss, the Department abused its discretion in rejecting his claim. Mr. Jones sought reimbursement for the full cost or replacement value of all of his hobby craft tools and materials that were lost by the Department.

---

[2] Mr. Jones alleged that he learned that his hobby craft tools and materials could not be located on September 13, 2021 and that "[n]ine days later, on September 17, 2021, [he] filed a [l]ost [p]roperty [c]laim seeking recovery for the lost property." We recognize that nine days after September 13, 2021 would have been September 22, 2021, not September 17, 2021, as alleged by Mr. Jones. Nevertheless, the documentation subsequently filed into the record by the Department reflects that Mr. Jones learned that his hobby craft tools and materials could not be located on September 13, 2021, that he submitted his lost property claim to the Department on that same date, and that it was received by the Legal Programs Department (of the Department) on September 20, 2021.

Despite the ambiguity in the record regarding when Mr. Jones's lost property claim was submitted, utilizing any of the above submission dates (or even the date that the claim was received by the Department), it is clear that, in accordance with Department regulations, Mr. Jones filed his lost property claim within ten days of September 13, 2021, the date he discovered the loss. See LAC 22:I.325(L)(1)(a).

[3] See footnote 2.

Following the initial screening of Mr. Jones's petition, on February 25, 2022, the district court's commissioner that was assigned to the matter issued an order remanding the matter to the Department. The commissioner noted that Mr. Jones's request for relief had been rejected at the first step (with the warden) "because [the Department] stated [that Mr. Jones] 'should have filed a property claim within the first (10) ten days of being at [the] [m]ain [p]rison'" and that it had been rejected at the second step (with the Department) "based upon Department Regulation OP-C-13, which state[d] in part [that] '[a]ll claims for lost property must be submitted to the [w]arden *within ten days of discovery of the loss.*'" See also LAC 22:I.325(L)(1)(a). The commissioner then noted that Mr. Jones had alleged in his petition for judicial review that he "filed [his] lost property claim on September 17, 2021, nine days after September 13, 2021 **when [Mr. Jones] learned** that his personal property was lost."[4] Therefore, the commissioner ordered that the matter be stayed for sixty days and remanded to the Department for consideration of the merits of Mr. Jones's lost property claim, and that upon exhaustion of that process, either party could notify the court in writing that it was ripe for further review.

Thereafter, on June 27, 2022, the Department filed an answer in the judicial review proceeding, maintaining that Mr. Jones had exhausted his administrative remedies with regard to his lost property claim and that the Department had properly rejected the claim due to Mr. Jones's failure to timely submit his claim. After a status conference on August 23, 2022, with the commissioner, the warden responded to the merits of Mr. Jones's lost property claim on September 12, 2022, admitting that its "[r]ecords reflect[ed] that [Mr. Jones's] property was stored ... at Camp D in the Cell Block Property Storage Room," but "after an extensive search of any and all areas [his] property could not be located." Thereafter, on September 30, 2022,

---

[4] See footnote 2.

the Department informed Mr. Jones that it was granting his lost property claim "in part." The Department admitted that it could not locate either the detailed inventory list it provided to Mr. Jones when the Department stored his property or Mr. Jones's property. The Department then, noting that Mr. Jones did "not provide any proof of purchase/ownership for any of the claimed property [he] allege[d] to be missing, as a faith of good measure [sic] the [prison] staff is instructed to credit your account in the amount of $50.00 for your alleged loss of property." The Department then instructed Mr. Jones that if the offer was acceptable, he needed to sign and complete a form, and he would then be reimbursed $50.00 and further, that he would not be entitled to any other form of reimbursement.[5]

Mr. Jones declined the Department's offer to settle his lost property claim for $50.00, and the Department subsequently deemed the claim moot. In the judicial review proceeding, Mr. Jones submitted an objection to the Department's response and offer of settlement, and attached another copy of the detailed inventory list, together with a handwritten list of the value of each item on the inventory list. Mr. Jones also requested that the judicial review proceeding move forward. According to the commissioner, at another status conference on March 7, 2023, the Department requested an extension of time to seek approval to offer Mr. Jones more than $50.00 for the loss of his personal property, and it admitted that $50.00 was an insufficient reimbursement for Mr. Jones's lost property. However, the Department did not make any subsequent offers.

After an another status conference with the commissioner on May 25, 2023, the commissioner issued a report to the district court on August 2, 2023, finding that

---

[5] We note that Mr. Jones alleged that shortly after he filed his petition for judicial review, the Department offered to compensate him for the lost items up to $5,000.00. He also alleged that the Department offered him $5,000.00 in compensation for the lost items. Although the record contains no evidence of the Department making either offer to Mr. Jones outside of his own allegations, Mr. Jones nevertheless claimed that he refused the offer since the Department would not pay for his court costs.

the Department's failure to return Mr. Jones's property or to adequately reimburse him amounted to a deprivation and a violation of his due process rights, that the Department's decision to deny Mr. Jones's lost property claim was arbitrary, manifestly erroneous and in violation of Mr. Jones's rights, and recommending that the Department pay Mr. Jones $500.00 for his missing personal property, as well as all costs of the proceeding.

After considering the matter *de novo*, the district court signed a judgment on August 23, 2023, adopting the commissioner's recommendation, finding the Department was arbitrary, manifestly erroneous, and violated Mr. Jones's rights when it denied him relief in his lost property claim, ordering the Department to pay Mr. Jones $500.00 for his missing property, and casting the Department with all costs of the proceedings. From this judgment, Mr. Jones appeals, arguing that the district court erred in ordering the Department to reimburse him $500.00 for his missing property rather than $4,500.00, which was the estimated value of his lost property.[6]

## LAW AND DISCUSSION

Lost property claims by inmates are matters of prison administration or conditions of confinement that are governed by La. R.S. 15:1177 of the Corrections Administrative Remedy Procedure ("CARP"). **Lewis v. Louisiana Department of Public Safety and Corrections**, 2019-1693 (La. App. 1st Cir. 8/5/20), 312 So.3d 592, 594, <u>writ denied</u>, 2021-00158 (La. 3/9/21), 312 So.3d 583. Accordingly, a reviewing court may reverse or modify an administrative decision only if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (a) in violation of constitutional or

---

[6] Mr. Jones originally filed an application for supervisory writs. Since the August 23, 2023 judgment of the district court was a final, appealable judgment, this Court granted the writ application for the limited purpose of remanding the matter to the district court with instructions to grant Mr. Jones an appeal. See **Jeremy Jones v. Louisiana Department of Public Safety and Corrections**, 2023-1105 (La. App. 1st Cir. 12/18/23)(*unpublished writ action*), 2023 WL 8718928.

statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) affected by other error of law; (e) arbitrary or capricious or characterized by an abuse of discretion; or (f) manifestly erroneous in view of the reliable, probative, and substantial evidence of the whole record. La. R.S. 15:1177(A)(9); **Lewis**, 312 So.3d at 594-595. On appellate review of a district court's judgment in a suit for judicial review under CARP, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. **Simmons v. Louisiana Department of Public Safety and Corrections**, 2020-0301 (La. App. 1st Cir. 12/30/20), 316 So.3d 1141, 1143-1144. Thus, our judicial review of the Department's decision regarding Mr. Jones's lost property claim is *de novo*. See **Simmons**, 316 So.3d at 1144.

Lost property claims are handled through the administrative remedy procedure set forth in LAC 22:I:325(L), rather than the general administrative remedy procedure. **Simmons**, 316 So.3d at 1144. Louisiana Administrative Code 22:I.325(L), which is entitled "Lost Property Claims," provides in pertinent part as follows:

> [1] a. When an offender suffers a loss of personal property, he may submit a lost personal property claim (form OP-C-13-a) to the warden or designee. The claim shall include *the date the loss occurred, a full statement of the circumstances which resulted in the loss of property, a list of the items which are missing, the value of each lost item and any proof of ownership or value of the property available to the offender. All claims for lost personal property must be submitted to the warden or designee within 10 days of discovery of the loss.*
>
> i. Under no circumstances will an offender be compensated for an unsubstantiated loss, or for a loss which results from the offender's own acts or for any loss resulting from bartering, trading, selling to or gambling with other offenders.
>
> b. The warden or designee shall assign an employee to investigate the claim. The investigative officer shall investigate the claim fully and will submit his report and recommendations to the warden or designee.

7

c. *If a loss of an offender's personal property occurs through the negligence of the institution and/or its employees*, the offender's claim may be processed in accordance with the following procedures.

i. Monetary:

(a). the warden or designee shall recommend *a reasonable value* for the lost personal property as described on the lost personal property claim (form OP-C-13-a). The state assumes no liability for any lost personal clothing;

(b). a lost personal property claim response (form OP-C-13-b) and agreement (form OP-C-13-c) shall be completed and submitted to the offender for his signature; and

(c). the claim shall be submitted to the chief of operations/office of adult services for review and final approval.

ii. Non-monetary:

(a). the offender is entitled only to state issue where state issued items are available;

(b). the warden or designee shall review the claim and determine whether or not the institution is responsible;

(c). a lost personal property claim response (form OP-C-13-b) shall be completed and submitted to the offender for his signature;

(d). an agreement (form OP-C-13-c) shall be completed and submitted to the offender for his signature when state issue replacement has been offered.

d. If the warden or designee determines that the institution and/or its employees are not responsible for the offender's loss of property, the claim shall be denied, and a lost personal property claim response (form OP-C-13-b) shall be submitted to the offender indicating the reason. If the offender is not satisfied with the resolution at the unit level, he may indicate by checking the appropriate box on the lost personal property claim response (form OP-C-13-b) and submitting it to the ARP screening officer within five days of receipt. The screening officer shall provide the offender with an acknowledgment of receipt and date forwarded to the chief of operations/office of adult services. A copy of the offender's original lost personal property claim (form OP-C-13-a) and lost personal property claim response (form OP-C-13-b) and other relevant documentation shall be attached.

(Emphasis added).

Based on our *de novo* review of Mr. Jones's lost property claim, we agree with the commissioner and the district court that the decision of the Department —both

initially and on remand—was manifestly erroneous and arbitrary, capricious, and an abuse of its discretion and that Mr. Jones's substantial rights were prejudiced by the Department's decision. Thus, Mr. Jones was entitled to judgment granting his petition for judicial review.

With regard to the Department's initial decision, notwithstanding the Department's regulation providing that lost property claims be submitted within ten days of the *discovery* of the loss, the Department maintained that Mr. Jones's lost property claim was untimely because he should have filed his lost property claim within the first ten days of being transferred to the main prison. It is illogical and unreasonable to believe that Mr. Jones, when he was transferred to the main prison and given a receipt from the Department for his personal property could have simultaneously learned or discovered that the Department had lost his property. Mr. Jones unequivocally stated in his lost property claim that he learned his property could not be located on September 13, 2021, and his claim was filed within ten days of that date. Thus, the Department's determination that Mr. Jones's claim was untimely was without reason.

Following the commissioner's review of the timeliness issue and remand for consideration of Mr. Jones's lost property claim on the merits, the Department admitted that it could not locate Mr. Jones's property or even its own copy of the receipt and detailed inventory list it provided to Mr. Jones when his property was placed in storage. The Department then stated that because it could not locate its copy of the documentation and because Mr. Jones did not provide any proof of purchase or ownership of the property that was missing, it was offering Mr. Jones $50.00 for his "alleged loss of property." However, Mr. Jones's lost property claim complied with LAC 22:I.325(L)(1)(a), as it: set forth the date the loss occurred; contained a full statement of the circumstances that resulted in the loss of property; contained a list of the items that were missing, *i.e.* the receipt from the Department

9

for his personal property and the detailed inventory list; and, as previously discussed, was submitted within ten days of his discovery of the loss. Although Mr. Jones did not specifically list the value of each item lost or submit proof of ownership or the value of the property in his lost property claim, according to Mr. Jones, many of his receipts were with the personal property that was lost. Thus, that documentation/information was not "available" to Mr. Jones to submit at that time. See LAC 22:I.325(L)(1)(a). However, in Mr. Jones's lost property claim, he did estimate that the total value of the items missing was $4,500.00, and he subsequently provided a handwritten list of the value of each item.

Because Mr. Jones's property could not be located by the Department and the Department could provide no explanation for its loss of Mr. Jones's property, the Department was obligated to either offer Mr. Jones a *reasonable* sum for his lost property or replace his property with state issued items, if available. See LAC 22:I.325(L)(1)(c). As previously noted, the detailed inventory list that Mr. Jones attached to his lost property complaint consisted of over one-hundred hobby craft tools and accessories, materials, and other equipment. While some of the items on the list were small items, such as paint brushes, drill bits, a hammer, and pliers, there were also larger items, such as a sewing machine, an electric drill, an engraver, and a jig saw. For Mr. Jones's loss of this property, the Department offered him the sum of $50.00. Considering the number and type of items contained on the detailed inventory list, the Department's offer was unreasonable. Indeed, as the commissioner pointed out in her report to the district court, the Department admitted in a status conference that this sum was insufficient to compensate Mr. Jones and it requested an extension of time to seek approval to offer Mr. Jones more than $50.00 for the loss of his personal property. However, the Department failed to offer him any additional sum or to replace the items with state issued items. Thus, we must conclude that the Department's decision regarding Mr. Jones's lost property claim

was arbitrary and capricious and an abuse of the Departments' discretion and that it violated Mr. Jones's rights. Accordingly, the trial court properly rendered judgment finding the Department was arbitrary, manifestly erroneous and that it violated Mr. Jones's rights when it denied him relief in his lost property claim, LSP-2021-2462.

As to the amount of recovery to which Mr. Jones was entitled, we note that Mr. Jones estimated the value of the lost items as $4,500.00. He also submitted a handwritten list estimating the value of each individual item on the detailed inventory list and setting the total value at $5,390.94. We recognize that these both the amount provided in Mr. Jones's lost property claim and in his handwritten list are estimates provided by Mr. Jones and that there is nothing in the record establishing the actual value of any of the missing items. However, in a case such as this, where it is established that the plaintiff has suffered some damages as a result of the loss of the property by the Department, though the amount is not definitely ascertainable, the court must fix the quantum as best it can. **Hyorth v. Louisiana Department of Corrections**, 460 So.2d 22, 23 (La. App. 1st Cir. 1984). Moreover, in absence of proof of actual damages, the court should make an award of nominal damages. *Id.* Based on our *de novo* review of the detailed inventory list and the estimates provided by Mr. Jones, we find an award of $2,000.00 to Mr. Jones from the Department adequate to compensate Mr. Jones for his lost property. See **Simmons**, 316 So.3d at 1143-1144 (providing that on appellate review of a district court's judgment in a suit for judicial review under CARP, no deference is owed by the court of appeal to the findings or conclusions of the district court). Therefore, we amend the district court's judgment to provide that the Department pay Mr. Jones the sum of $2,000.00 for his lost personal property.

## CONCLUSION

For all of the above and foregoing reasons, the judgment of the district court is amended to provide that the Department pay Mr. Jones the sum of $2,000.00 for

his lost personal property, and as amended, the August 23, 2023 judgment of the district court is affirmed. All costs of this appeal in the amount of $815.00 are assessed to the defendant/appellee, the Louisiana Department of Public Safety and Corrections.

**AMENDED AND AFFIRMED AS AMENDED.**